IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRAA BOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-569-CFC-JLH |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Tyraa Bowe ("Plaintiff") appeals *pro se* from an unfavorable decision of the Commissioner of the Social Security Administration[1] ("SSA") denying her application for disability insurance benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). The parties filed cross-motions for summary judgment.[2] (D.I. 22, 23.) For the following reasons, the Court should DENY Plaintiff's motion and GRANT Defendant's motion.

**I.      LEGAL STANDARDS**

Courts review the Commissioner's factual findings for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Kilolo Kijakazi was automatically substituted for former Commissioner of Social Security Andrew Saul when she succeeded him on July 9, 2021.

[2] Plaintiff filed a "Case Brief" (D.I. 22), which I will construe as a motion for summary judgment.

1

evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirsnak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

The Court must liberally construe a *pro se* litigant's filings and "apply the applicable law, irrespective of whether she has mentioned it by name." *Paitsel v. Kijakazi*, No. 21-610-RGA, 2022 WL 3646287, at *5 (D. Del. Aug. 23, 2022) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

## II.    BACKGROUND

On January 24, 2019, Plaintiff applied for Social Security disability insurance benefits. (Transcript of Social Security Proceedings, D.I. 18 ("Record" or "R.") at 61.) In her application, Plaintiff alleged disability as a result of major depressive disorder and bipolar disorder. (R. 299.) Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ held a hearing via telephone on June 11, 2020. (*Id.*) On June 30, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since May 20, 2019, her alleged onset date.[3] (R. 63.) He then found at steps two and three that Plaintiff had severe impairments of bipolar disorder and depression, but that those impairments did not meet or medically equal the criteria for any of the impairments in the relevant listings. (R. 63–67.) The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

---

[3] Plaintiff's original alleged onset date was December 31, 2017. (R. 61.) She amended the onset date to May 20, 2019 before the hearing. (*Id.*)

> The claimant cannot be exposed to hazards, which is defined as climbing ropes, ladders, or scaffolds; using dangerous moving machinery; or, being exposed to unprotected heights. The claimant is limited to simple, routine, and repetitive work, but not at a production pace. The claimant can have no more than incidental and infrequent contact with the general public. She can occasionally interact with coworkers and supervisors, but cannot perform tasks that would require her to work in tandem with coworkers to complete job responsibilities. The claimant can make simple work decisions in a stable work environment, which is defined as very little change in work setting or work process.

(R. 67.) At steps four and five, the ALJ determined that Plaintiff could not perform any past work but that she could perform other jobs that exist in significant numbers in the national economy. (R. 71–73.) The ALJ concluded that "[a] finding of 'not disabled' is therefore appropriate." (R. 73.)

Plaintiff asked the Appeals Council to review the ALJ's decision and to consider new evidence that was not before the ALJ.[4] (D.I. 1, Ex. 4; *see also* R. 8–48 (evidence in the Appeals Council record); D.I. 3 (same evidence).) The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. 1–7.) It stated that the "evidence [submitted by Plaintiff on appeal] does not show a reasonable probability that it would change the outcome of the decision." (R. 2.)

---

[4] According to Plaintiff, she was under the impression that the lawyer who represented her at the hearing before the ALJ was going to obtain and submit the additional records to the ALJ, but failed to do so. (*See* R. 195; D.I. 1, Ex. 4.)

### III.   DISCUSSION

Plaintiff submitted several filings to this Court, all of which have been considered, including a letter attached to her Complaint ("the Letter") (D.I. 1, Ex. 4), the new medical evidence filed with the Appeals Council that was not before the ALJ (D.I. 3),[5] and a "Case Brief" (D.I. 22).[6] Plaintiff's *pro se* filings touch upon several issues that, though not mentioned explicitly, I have considered here. Those include whether substantial evidence supports the ALJ's findings, whether remand is warranted in light of the additional evidence not before the ALJ, and whether Plaintiff's lawyer provided ineffective assistance.

**A.  Challenges to the ALJ's factual findings**

Plaintiff raises several concerns with the ALJ's finding that she is not disabled within the meaning of the Social Security Act.

Plaintiff first suggests that the ALJ did not give enough weight to the Department of Veterans Affairs' ("VA's") determination that she is unemployable as a result of her disabilities.[7] Plaintiff submitted records of the VA's determination and the evidence underlying it to the ALJ. In his opinion, the ALJ acknowledged the VA's disability determination in one sentence but did not provide further comment. (R. 68.)

---

[5] While this Court may consider the evidence that Plaintiff submitted to the Appeals Council in determining whether remand is appropriate to allow her to present that evidence to the ALJ, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001).

[6] The remainder of the documents Plaintiff submitted are duplicative of records found in the Transcript of Social Security Proceedings. (D.I. 18).

[7] Specifically, on January 11, 2019, the VA determined that Plaintiff's disabilities, which included "Bipolar II disorder, [and] current episode depressed, severe, without psychotic features with alcohol use disorder," rendered her 70% disabled and unemployable, and it awarded Plaintiff benefits. (R. 229–234.)

The ALJ's treatment of the VA's disability determination was not error. Section 404.1504 of Title 20 of the Code of Federal Regulations says that a decision by another agency about whether someone is disabled is not "binding" on the SSA. 20 C.F.R. § 404.1504. The regulations further provide that the SSA is not required to "provide any analysis in [its] determination" about the other agency's decision. *Id.* But the SSA "will consider all of the supporting evidence underlying" the other agency's decision that it receives as evidence. *Id.*

In short, Plaintiff is not entitled to SSA disability insurance benefits simply because she receives benefits from the VA. And the ALJ's failure to further discuss the VA's disability decision does not constitute reversible error.[8]

Plaintiff next suggests that the ALJ improperly discounted evidence about the severity of her mental health symptoms, which affect her ability to show up to work on a regular basis. (*See* D.I. 1, Ex. 4; D.I. 22.) I understand Plaintiff's argument, but it is not the role of this Court to second-guess the ALJ's fact finding. Even if the Court might have come to a different conclusion on the same evidence, the Court can only consider whether substantial evidence supported the ALJ's findings, including his findings regarding Plaintiff's RFC and his decision not to credit Plaintiff's reports about the severity of her symptoms.

Having reviewed the record, I'm compelled to conclude that substantial evidence does support the ALJ's findings. It is clear from the ALJ's lengthy and detailed opinion that he was aware of and took into consideration all of her reported symptoms. He thoroughly summarized the symptoms evidenced by the record. He wrote, for example, that Plaintiff alleges that she sleeps all day and that she struggles to get out of bed, adhere to a schedule, and make it to appointments.

---

[8] I note that the ALJ did discuss at length the treatment notes from Plaintiff's VA providers. (R. 64–71.)

(R. 66, 68.) He wrote that she alleges that she needs reminders to tend to her personal needs, grooming, and medications. (R. 66, 68.) He noted that she reported "decreased energy, low motivation, wanting to sleep all the time, periods of mania, periods of emotional outbursts and racing thoughts" to her provider at Mental Edge Counseling. (R. 68.) He observed that the records show that she "has been late for some therapy sessions." (R. 69.)

Ultimately, though, the ALJ found that the severity of Plaintiff's reported symptoms was inconsistent with the other evidence in the record, and he explained why. (*See* R. at 69 ("Ultimately, the medical evidence and the claimant's activities of daily living are inconsistent with the claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms . . . .").) In particular, the ALJ explained that Plaintiff's allegations are inconsistent "with the less severe indications in the mental status examinations in the Department of Veteran[s] Affairs records," noting that the "treatment records document that the claimant is generally stable with medications." (*Id*.) The ALJ also found that Plaintiff's allegations were inconsistent with her daily activities, which included (among others), being "able to go out alone," "us[ing] social media," and "attend[ing] group therapy and her appointments on a regular basis." (*Id.*) In addition, the ALJ credited Dr. Patricia Miripol, the state agency psychologist, who "opined that the claimant can carry out simple/routine tasks, make simple work decisions, follow basic work routine, perform within schedule, can interact with general public on occasional basis, would do best in low social contact setting, and [has] difficulty managing stressful conditions." (R. 70.) The ALJ also noted that a second state agency psychologist confirmed Dr. Miripol's opinion and that both opinions were consistent with the "objective exams that show decreased energy, low motivation, and periods of racing thoughts, cooperative behavior, fluent speech, orientation, good eye contact, logical thought process, appropriate associations, intact memory, good judgment, and good

7

insight." (R. 70.) The ALJ further explained that he discredited the extreme limitations endorsed by Plaintiff's treating psychologist, Dr. John Gourley, because of "internal[] inconsistent[encies]" in his report and inconsistencies "with the claimant's treatment records." (R. 70.) With respect to the opinion of Plaintiff's treating therapist, Kimberly Murtha, LPCMH, the ALJ explained that the degree of limitation she endorsed was "inconsistent with the mental status examinations in the Department of Veterans Affairs." (R. 71.)

While the ALJ did not credit Plaintiff's allegations regarding the severity of her symptoms, he did conclude that "some limitations on the claimant's ability to perform work activities are warranted." (R. 69.) To that end, he specified in the RFC determination that Plaintiff was limited "to simple, routine, and repetitive work, but not at a production pace, . . . no more than incidental and infrequent contact with the general public," no "tasks that would require her to work in tandem with coworkers to complete job responsibilities," and only environments in which there is "very little change in work setting or work process." (R. 67.) The ALJ explained that those limitations were intended to take into account Plaintiff's symptoms of decreased energy and/or low motivation (among other symptoms). (R. 69.) Having reviewed the record, I agree with the Commissioner that the ALJ's findings regarding Plaintiff's symptoms and the ALJ's RFC determination are both supported by substantial evidence.

Plaintiff also argues that her "medications side effects and risks operating machinery or anything related were not addressed." (D.I. 1, Ex. 4. at 1.) I disagree. The RFC adopted by the ALJ says that Plaintiff "cannot be exposed to hazards, which is defined as climbing ropes, ladders, or scaffolds; using dangerous moving machinery; or being exposed to unprotected heights." (R. 67.)

8

### B. New records

Plaintiff filed with this Court the additional evidence that she submitted to the Appeals Council. (D.I. 3; R. 8–48.) I construe Plaintiff's filings as requesting a remand for the ALJ to consider the additional evidence. I agree with the Commissioner that remand is not appropriate here.

When the Appeals Council has considered additional evidence that was not before the ALJ and the Appeals Council has denied review of the ALJ's decision, the district court may remand the case to the Commissioner "only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ." *Matthews*, 239 F.3d at 593. New evidence is material if there is a reasonable possibility that it would have changed the outcome of the Commissioner's decision. *Szubak v. Sec'y of Health & Hum. Servs.*, 745 F.2d 831, 833 (3d Cir. 1984).

The "new" evidence submitted by Plaintiff includes copies of a Disability Benefits Questionnaire and an addendum completed by a psychologist as part of Plaintiff's application for VA disability benefits. (D.I. 3 at 4–13, 16–23.) However, the ALJ already had records pertaining to the VA's disability determination, including records that repeated some of the same opinions the psychologist recorded in the questionnaire. (*Compare* [Veteran Evaluation Services] Addendum to Provider, D.I. 3 at 13 (summarizing the psychologist's findings with respect to Plaintiff's functional impairments) *with, e.g.,* Delaware Commission of Veteran Affairs Rating Decision, R. 230–231 (copying verbatim the psychologist's findings from the addendum).) Given the similarity of the documents submitted to the Appeals Counsel to the evidence that was already before the ALJ, there is no reasonable possibility that the additional documents would have

9

changed the outcome of the decision (especially since the ALJ did not adopt the VA's disability findings).

The remaining new documents are a letter from the Delaware Commission of Veterans Affairs, an Exam Scheduling Request, treatment notes from Plaintiff's podiatrist, and prescription records that post-date the ALJ's decision. (D.I. 3 at 2, 14–15, 24–41.) Plaintiff has not provided the Court with any reason to believe that any of that information is material and/or non-cumulative to the information already before the ALJ.

### C. Ineffective assistance of counsel

Finally, to the extent Plaintiff raises an ineffective assistance of counsel argument, that argument would fail, as there is no constitutional right to counsel in Social Security proceedings. *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017); *see also Cornett v. Astrue*, 261 F. App'x 644, 651 (5th Cir. 2008) (rejecting a social security claimant's ineffective assistance of counsel claim and noting that "[t]he Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings")).

### IV.   CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion for summary judgment (D.I. 22) be DENIED and the Commissioner's cross-motion (D.I. 23) be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: December 28, 2022

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE